UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Estate of Nicholas A. Washburn, Deceased,
By its Special Administrator,
Jacquelyn Worstell

Plaintiff,

vs.

Case No.
Hon.

AMAZON.COM SERVICES, INC., a
Registered Michigan Foreign Corporation
d/b/a AMAZON FULFILLMENT SERVICES,
INC.; AMAZON LOGISTICS, INC., a Registered
Michigan Foreign Corporation; OUT 4
DELIVERY, LLC, an Indiana Limited Liability
Company; and AMANDA L. ROHRER,
Individually,

Defendants.

_____/

JAMES S. MARCO (P80419)
Zamler, Shiffman & Karfis, P.C.
Attorney for Plaintiff
23077 Greenfield Rd., Ste. 557
Southfield, MI 48075
(248) 443-6567

_____/

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
alleged in this Complaint.

_____*/s/ James Marco*_____
James Marco

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff, through her attorneys, Zamler, Shiffman, and Karfis, PC, states:

## NATURE OF THE CASE

1.      This claim arises from the wrongful death of Nicholas Allen Washburn due to the

1

negligence of the defendants. Mr. Washburn suffered blunt force trauma when the defendant driver,

AMANDA L. ROHRER, in her capacity as an agent and/or employee of OUT 4 DELIVERY, LLC,

AMAZON.COM SERVICES, INC., and AMAZON LOGISTICS, INC., failed to yield the right of way

and turned left in front of Mr. Washburn, causing a collision, which ultimately resulted in Mr.

Washburn's death.

**PARTIES**

2.      JACQUELYN WORSTELL is the duly appointed Special Administrator for the Estate

of Nicholas A. Washburn, deceased.

3.      Prior to his death and at all times relevant to the allegations of this Complaint, Nicholas

A. Washburn (hereinafter Mr. WASHBURN or decedent) was a resident of the State of Indiana,

residing in South Bend, St. Joseph County, Indiana.

4.      JACQUELYN WORSTELL is Mr. Washburn's mother and Special Administrator of Mr.

WASHBURN's estate.

5.      AMANDA L. ROHRER (hereinafter ROHRER) is a resident of the State of Indiana,

residing at 904 E Beardsley Avenue, Elkhart, Indiana and was acting in the course and scope of her

employment on June 24, 2020, operating her motor vehicle on behalf of her joint employers, OUT 4

DELIVERY, LLC, AMAZON.COM SERVICES, INC. d/b/a AMAZON FULFILLMENT SERVICES,

INC., and/or AMAZON LOGISTICS, INC.

6.      At all relevant times herein, OUT 4 DELIVERY, LLC (hereinafter "OUT 4

DELIVERY") is, on information and belief, a registered Limited Liability Company conducting business

in the State of Michigan with a principal place of business at: 518 Illinois St., South Bend, IN, 46619 and

a Registered Agent, LEGALINC CORPORATE SERVICES INC., located at: 8520 Allison Pointe

Boulevard, Suite 220 #122, Indianapolis, IN, 46250.

7.      At all relevant times herein, AMAZON.COM SERVICES, INC. (hereinafter

"AMAZON.COM") is, on information and belief, a registered foreign for-profit corporation, doing

business in the state of Michigan with a principal place of business at: 410 Terry Avenue North, Seattle,

2

WA, 98109, and a Registered Agent, CSC-LAWYERS INCORPORATING SERVICE COMPANY,

located at: 601 Abbot Road, East Lansing, Michigan 48823.

8.      At all relevant times herein, AMAZON LOGISTICS, INC. (hereinafter "AMAZON

LOGISTICS") is, on information and belief, a registered foreign for-profit corporation doing business in

the State of Michigan with a principal place of business at: 410 Terry Avenue North, Seattle, WA, 98109

and a Registered Agent, CSC-LAWYERS INCORPORATING SERVICE COMPANY, located at: 601

Abbot Road, East Lansing, Michigan, 48823.

## JURISDICTION AND VENUE

9.      The paragraphs above are repeated.

10.     This is a civil action that falls within the Court's diversity of citizenship jurisdiction

under 28 U.S.C. §§ 1441 and 1446 with a sufficient amount in controversy well in excess of Seventy-Five

Thousand Dollars ($75,000.00).

11.     Plaintiff NICHOLAS A. WASHBURN was a citizen of the State of Indiana.

12.     Defendant AMANDA L. ROHRER is a citizen of the State of Indiana.

13.     Defendant OUT 4 DELIVERY, LLC is a foreign limited liability company with a

principal place of business in the State of Indiana, doing business in the State of Michigan.

14.     Defendant AMAZON.COM SERVICES, INC. d/b/a AMAZON FULFILLMENT

SERVICES, INC. is a foreign for-profit corporation incorporated in the State of Delaware with its

principal place of business in the State of Washington, doing business in the State of Michigan.

15.     Defendant AMAZON LOGISTICS, INC. is a foreign for-profit corporation

incorporated in the State of Delaware with its principal place of business in the State of Washington,

doing business in the State of Michigan.

16.     Venue is proper in this Court because all or a substantial portion of the events relating

to this accident occurred in Cass County, Michigan, and all Defendants have sufficiently availed

themselves for commerce in Cass County, Michigan.

## COMMON ALLEGATIONS

17.     The paragraphs above are repeated.

**Rohrer's Joint Employment Relationship with Out 4 Delivery, Amazon.com, and Amazon**

**Logistics**

18.     ROHRER is and was a *de facto* or *de jure* employee at will of OUT 4 DELIVERY.

19.     OUT 4 DELIVERY is a delivery service partner of AMAZON.COM and
AMAZON LOGISTICS.

20.     ROHRER and/or OUT 4 DELIVERY were engaged in AMAZON.COM and
AMAZON LOGISTICS business on the date and time of the crash.

21.     ROHRER was wearing an Amazon uniform at the time of the crash.

22.     AMAZON.COM and AMAZON LOGISTICS were direct and/or indirect beneficiaries
of the packages being delivered leading up to the crash at the intersection of Redfield Road and Carter
Avenue in Cass County, Michigan.

23.     AMAZON.COM and AMAZON LOGISTICS direct, through an app, the order of the
deliveries and the route to each destination.

24.     AMAZON.COM and AMAZON LOGISTICS' software tracks drivers' progress, and a
dispatcher in an Amazon warehouse can call them if they fall behind schedule.

25.     AMAZON.COM and AMAZON LOGISTICS issue hand scanners that monitor the
progress of drivers as they deliver packages and dictate routes drivers drive.

26.     At the direction of AMAZON.COM and AMAZON LOGISTICS, drivers, including
ROHRER often have to deliver upward of two hundred fifty (250) packages a day—less than two minutes
per package based on an eight-hour shift.

27.     AMAZON.COM and AMAZON LOGISTICS dictate what drivers including
ROHRER wear, what vans they use, what routes they follow, and how many packages they must deliver
each day.

28.      At all relevant times, AMAZON.COM and AMAZON LOGISTICS have been affiliated with and/or operating with OUT 4 DELIVERY and similarly situated "last-mile delivery services" such that AMAZON.COM and AMAZON LOGISTICS, on the one hand, and OUT 4 DELIVERY, on the other, are "joint employers" of ROHRER.

29.      OUT 4 DELIVERY operates a carrier and logistics business in providing vehicles and drivers to deliver goods on behalf of Defendant AMAZON.COM and its affiliates. The goods are purchased by customers using Defendant AMAZON.COM's digital platform (the Amazon.com website).

30.      AMAZON LOGISTICS is a subsidiary of Defendant AMAZON.COM, which advertises for and provides Delivery Associates for Amazon.com deliveries. AMAZON LOGISTICS works with delivery providers ("Delivery Service Providers" or "DSP's") to deliver packages from a central location to an Amazon.com customer.

31.      AMAZON LOGISTICS and AMAZON.COM provide Delivery Service Providers, including OUT 4 DELIVERY, with exclusive deals on Amazon-branded vans, comprehensive insurance, and other services.

32.      AMAZON LOGISTICS and AMAZON.COM also provide access to vehicle maintenance, a fuel program, professional uniforms, recruitment tools, payroll, tax, and accounting services, health and employee benefits, and legal support.

33.      AMAZON.COM and AMAZON LOGISTICS do not require their DSP's to have any logistics experience, in part, because AMAZON.COM and AMAZON LOGISTICS provide technological and logistical expertise to each DSP, including OUT 4 DELIVERY.

34.      AMAZON.COM and AMAZON LOGISTICS provide consistent coaching and support, an operation manual, driver assistance, and a dedicated account manager to each DSP.

35.      DSP's also interact on a daily basis with AMAZON.COM and AMAZON LOGISTICS' account manager, on-road assistance team and AMAZON.COM and AMAZON LOGISTICS delivery station personnel.

36.      Most DSP's, including OUT 4 DELIVERY, work exclusively delivering

5

AMAZON.COM and AMAZON LOGISTICS packages.

37.     OUT 4 DELIVERY is a DSP for AMAZON.COM and AMAZON LOGISTICS.

38.     The principals of the DSP's including OUT 4 DELIVERY undergo hands-on training, including but not limited to education on the Amazon-provided delivery equipment, the daily processes at an Amazon delivery facility, and assist in sorting and loading packages.

39.     DSP's including OUT 4 DELIVERY are given access to AMAZON.COM and AMAZON LOGISTICS' technology training resources, videos, and delivery date.

40.     AMAZON.COM and AMAZON LOGISTICS also supply DSP's including OUT 4 DELIVERY with business tools to assist with planning, daily operations, routing guidance, and customer service.

41.     AMAZON.COM and AMAZON LOGISTICS pay DSP's including OUT 4 DELIVERY pursuant to their standard "Delivery Provider Terms of Service."

42.     While DSP's pay the Delivery Associates from the amounts AMAZON.COM and AMAZON LOGISTICS pay them, AMAZON.COM and AMAZON LOGISTICS have both influence and control over how Delivery Associates are paid.

43.     AMAZON.COM and AMAZON LOGISTICS supervise and control the work activities, work schedules, conditions, and management of OUT 4 DELIVERY and ROHRER.

44.     Delivery Associates including ROHRER undergo mandatory training by AMAZON.COM and AMAZON LOGISTICS.

45.     The mandatory training, conducted by AMAZON.COM and AMAZON LOGISTICS, covers Amazon's policies and procedures, including but not limited to: how to scan a package; how to use Amazon's handheld GPS-tracking device known as a "Rabbit"; and how to drop packages off in compliance with AMAZON.COM's and AMAZON LOGISTICS' policies, procedures, and concession rates (the failure to properly deliver a package).

46.     On information and belief, AMAZON.COM and AMAZON LOGISTICS discipline Delivery Associates including ROHRER for violations of their policies and procedures.

47.     Throughout her employment with Defendants, ROHRER is subject to additional training by AMAZON.COM and AMAZON LOGISTICS in complying with their operational procedures and in meeting their work expectations.

48.     If a Delivery Associate including ROHRER fails to meet AMAZON.COM's and AMAZON LOGISTICS' expectations, he or she can be terminated.

49.     As required by AMAZON.COM and AMAZON LOGISTICS, OUT 4 DELIVERY provided ROHRER with a vehicle, and such vehicles must adhere to AMAZON.COM's and AMAZON LOGISTICS' requirements.

50.     Delivery Associates including ROHRER are provided with and are required to use an Amazon.com "Rabbit:" a handheld device that provides the addresses of Amazon.com customers.

51.     The "Rabbit" is also used for navigation assistance, package scanning, and as a phone. The "Rabbit" also allowed AMAZON.COM and AMAZON LOGISTICS to contact and track ROHRER's movement and work progress on the day in question.

52.     AMAZON.COM and AMAZON LOGISTICS have direct access to ROHRER's "Rabbit" device.

53.     AMAZON.COM and AMAZON LOGISTICS set the delivery route that ROHRER was traveling on the day in question.

54.     AMAZON.COM and AMAZON LOGISTICS also dictate the hours of delivery in which ROHRER may or may not deliver a package.

### The Crash

55.     On June 24, 2020, Mr. WASHBURN was operating his motorcycle westbound on Redfield Road, approaching the intersection of Carter Avenue and Redfield Road, in Cass County, Michigan.

56.     At that same time and location, ROHRER was operating OUT 4 DELIVERY's white

2020 Ford Transit 250 commercial vehicle for and on behalf of her joint employers, OUT 4 DELIVERY,

LLC, AMAZON LOGISTICS, and AMAZON.COM, within the course, scope, duties, and directives of

her employment, delivering package(s) in Cass County, Michigan.

57.      ROHRER was operating her van southbound on Carter Avenue, approaching the

intersection of Carter Avenue and Redfield Road in Cass County, Michigan, in anticipation of making a

left turn onto Redfield Road.

58.      Upon entering Redfield Road to turn left and travel eastbound on Redfield Road,

ROHRER ignored, disregarded or otherwise failed to note Mr. WASHBURN's motorcycle traveling

westbound on Redfield Road.

59.      ROHRER attempted to make a left turn (eastbound) onto Redfield Road directly into

the path of Mr. WASHBURN's motorcycle.

60.      ROHRER's vehicle collided with Mr. WASHBURN's motorcycle.

61.      After colliding with ROHRER's vehicle, Mr. WASHBURN's motorcycle

was propelled into the eastbound lane and struck another vehicle.

62.      Mr. WASHBURN was ejected from his motorcycle and suffered injuries, including

blunt force trauma, and ultimately died from those injuries.

### COUNT I: WRONGFUL DEATH ORDINARY NEGLIGENCE (ROHRER)

63.      The paragraphs above are repeated and incorporated herein.

64.      On June 24, 2020, ROHRER had a duty to operate her motor vehicle in a safe fashion

with due regard for other drivers on the road, and also to obey the traffic law regarding yielding to

oncoming drivers as mandated by MCL § 257.649.

65.      On June 24, 2020, ROHRER operated her motor vehicle in an unsafe manner without

due regard for the safety of other drivers and failed to comply with her duty pursuant to MCL § 257.649.

66.      As a direct and proximate result of ROHRER's breach of her duty to other drivers, her

motor vehicle collided with a vehicle operated by Mr. WASHBURN.

67.      As a further direct and proximate result of the above negligence, Mr. WASHBURN's

8

motorcycle was propelled into another vehicle, and Mr. WASHBURN was ejected from his motorcycle.

68.      As a further direct and proximate result of the above negligence, Mr. WASHBURN suffered blunt force trauma and then subsequent death.

69.      As a further direct and proximate result of the above negligence, Mr. WASHBURN's parents and surviving family suffered a loss of society and companionship together with such other damages as allowable by law.

70.      Plaintiff, on behalf of the estate and all individuals entitled to damages under the Wrongful Death Act, being MCL 600.2921 *et seq*, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

  A.  Reasonable funeral, and burial expenses;

  B.  Losses suffered by the next of kin as a result of the decedent's death, including the following:

    i.   Loss of financial support;

    ii.  Loss of services;

    iii. Loss of gifts and other valuable gratuities;

    iv.  Loss of society and companionship;

    v.   Other miscellaneous losses.

WHEREFORE, Plaintiff requests that this Court enter judgement in her favor in an amount determined to be fair and just together with all costs, interest, and attorney fees allowable by law.

## COUNT II: RESPONDEAT SUPERIOR
## (OUT 4 DELIVERY, LLC)

71.      The paragraphs above are repeated and incorporated herein.

72.      On June 24, 2020, ROHRER was operating her motor vehicle while in the due course, scope, duties, and directives of her employment with OUT 4 DELIVERY, and on behalf of, or at the instruction of, her employer and returning to a facility operated by OUT 4 DELIVERY.

73.      Pursuant to the doctrine of respondeat superior, OUT 4 DELIVERY is jointly and

severally liable with ROHRER for the injuries and death caused by ROHRER's negligent operation of a motor vehicle on June 24, 2020.

## COUNT III: WRONGFUL DEATH ORDINARY NEGLIGENCE
## (OUT 4 DELIVERY, LLC)

74.     The above paragraphs are repeated and incorporated herein.

75.     As a principal and/or employer, OUT 4 DELIVERY was independently negligent for, among other things, the hiring, training, entrusting, supervising, and retaining of ROHRER in connection with her operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances.

76.     As a motor carrier, OUT 4 DELIVERY had certain duties and responsibilities defined by the Federal Motor Safety Regulations and industry standards, including the duty to properly qualify ROHRER, the duty to properly train ROHRER, the duty to properly supervise the hours of service of ROHRER, the duty to properly inspect and maintain any vehicles she might operate on its/their behalf, and otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

77.     On June 24, 2020, ROHRER operated her motor vehicle in an unsafe manner without due regard for the safety of other drivers due to the demands placed upon her by OUT 4 DELIVERY.

78.     As a direct and proximate result of OUT 4 DELIVERY's breach of its duty to other drivers, ROHRER collided with a motorcycle operated by Mr. WASHBURN.

79.     As a further direct and proximate result of the above negligence, Mr. WASHBURN's motorcycle was propelled into another vehicle, and Mr. WASHBURN was ejected from his motorcycle.

80.     As a further direct and proximate result of the above negligence, Mr. WASHBURN suffered blunt force trauma and subsequent death.

81.     As a further direct and proximate result of the above negligence, Mr.

WASHBURN's parents and surviving family suffered a loss of society and companionship together with such other damages as allowable by law.

82.	Plaintiff, on behalf of the estate and all individuals entitled to damages under the Wrongful Death Act, being MCL 600.2921 et seq, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

A.	Reasonable funeral, and burial expenses;

B.	Losses suffered by the next of kin as a result of the decedent's death, including the following:

    i.	Loss of financial support;

    ii.	Loss of services;

    iii.	Loss of gifts and other valuable gratuities;

    iv.	Loss of society and companionship;

    v.	Other miscellaneous losses.

WHEREFORE Plaintiff requests that this Court enter judgment in her favor in an amount determined to be fair and just together with all costs, interest, and attorney fees allowable by law.

## COUNT IV: RESPONDEAT SUPERIOR
## AMAZON.COM SERVICES, INC. d/b/a AMAZON FULFILLMENT SERVICES, INC. ("AMAZON.COM")

83.	The paragraphs above are repeated and incorporated herein.

84.	At all times during ROHRER's employment, she remained on contract with OUT 4 DELIVERY, receiving her pay and benefits from it; however, AMAZON.COM meticulously supervised ROHRER's day-to-day activities and determined delivery hours, closely monitored ROHRER's productivity, efficiency, and had regular, if not uninterrupted contact with ROHRER in the scope of and within the performance of her duties.

85.	Therefore, a joint-employment relationship existed between ROHRER and

AMAZON.COM on the date of the crash because both OUT 4 DELIVERY and AMAZON.COM maintained control over ROHRER.

86.    On June 24, 2020, ROHRER was operating her motor vehicle while in the due course, scope, duties, and directives of her joint employment with AMAZON.COM, and on behalf of, or at the instruction of, her employer returning to a facility operated by AMAZON.COM.

87.    Pursuant to the doctrine of respondeat superior, AMAZON.COM is jointly and severally liable with ROHRER for injuries and damages caused by ROHRER's negligent operation of a motor vehicle on June 24, 2020.

## COUNT V: WRONGFUL DEATH ORDINARY NEGLIGENCE AMAZON.COM SERVICES, INC d/b/a AMAZON FULFILLMENT SERVICES, INC. ("AMAZON.COM")

88.    The above paragraphs are repeated and incorporated herein.

89.    As a principal and/or employer, AMAZON.COM was independently negligent for, among other things, the hiring, training, entrusting, supervising, and retaining of ROHRER in connection with her operation of a commercial motor vehicle, for instituting policies that AMAZON.COM knew or should have known to pose significant harm to the general public including Mr. WASHBURN, and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances.

90.    In the course of its conduct during all relevant time period(s) herein in taking control of ROHRER, AMAZON.COM assumed certain duties and responsibilities as defined by industry standards, including the duty to properly qualify ROHRER, the duty to properly train ROHRER, the duty to properly supervise the hours of service of ROHRER, the duty to properly inspect and maintain any vehicles she might operate on its/their behalf, and otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

91.    On June 24, 2020, ROHRER operated her vehicle in an unsafe manner without due regard for the safety of other drivers due to the demands placed on her by AMAZON.COM.

92.     As a direct and proximate result of AMAZON.COM's breach of its duty to other drivers in employing unsafe business practices and policies, ROHRER collided with a motorcycle operated by Mr. WASHBURN.

93.     As a further direct and proximate result of the above negligence, Mr. WASHBURN's motorcycle was propelled into another vehicle, and Mr. WASHBURN was ejected from his motorcycle.

94.     As a further direct and proximate result of the above negligence, Mr. WASHBURN suffered blunt force trauma and subsequent death.

95.     As a further direct and proximate result of the above negligence, Mr. WASHBURN's parents and surviving family suffered a loss of society and companionship together with such other damages as allowable by law.

96.     Plaintiff, on behalf of the estate and all individuals entitled to damages under the Wrongful Death Act, being MCL 600.2921 et seq, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

A.  Reasonable funeral, and burial expenses;

B.  Losses suffered by the next of kin as a result of the decedent's death, including the following:

  i.  Loss of financial support;

  ii.  Loss of services;

  iii.  Loss of gifts and other valuable gratuities;

  iv.  Loss of society and companionship;

  v.  Other miscellaneous losses.

WHEREFORE Plaintiff requests that this Court enter judgment in her favor in an amount determined to be fair and just together with all costs, interest, and attorney fees allowable by law.

## COUNT VI: RESPONDEAT SUPERIOR
## AMAZON LOGISTICS, INC. ("AMAZON LOGISTICS")

97.     The above paragraphs are repeated and incorporated herein.

98.     At all times during ROHRER's employment, she remained on contract with OUT 4 DELIVERY, receiving her pay and benefits from it; however, AMAZON LOGISTICS meticulously supervised ROHRER's day-to-day activities and determined delivery hours, closely monitored ROHRER's productivity, efficiency, and had regular if not uninterrupted contact with ROHRER in the scope of and within the performance of her duties.

99.     Therefore, a joint-employment relationship existed between ROHRER and AMAZON LOGISTICS on the date of the crash because both OUT 4 DELIVERY and AMAZON LOGISTICS maintained control over ROHRER.

100.     On June 24, 2020, ROHRER was operating her motor vehicle while in the due course, scope, duties, and directives of her joint employment with AMAZON LOGISTICS, and on behalf of, or at the instruction of, her employer returning to a facility operated by AMAZON LOGISTICS.

101.     Pursuant to the doctrine of respondeat superior, AMAZON LOGISTICS is jointly and severally liable with ROHRER for injuries and damages caused by ROHRER's negligent operation of a motor vehicle on June 24, 2020.

## COUNT VII: WRONGFUL DEATH ORDINARY NEGLIGENCE
## AMAZON LOGISTICS, INC. ("AMAZON LOGISTICS")

102.     The above paragraphs are repeated and incorporated herein.

103.     As a principal and/or employer, AMAZON LOGISTICS was independently negligent for, among other things, the hiring, training, entrusting, supervising, and retaining of ROHRER in connection with her operation of a commercial motor vehicle, for instituting policies that AMAZON LOGISTICS knew or should have known to pose significant harm to the general public including Mr. WASHBURN, and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances.

104.     In the course of its conduct during all relevant time period(s) herein in taking control of

14

ROHRER, AMAZON LOGISTICS assumed certain duties and responsibilities as defined by industry standards, including the duty to properly qualify ROHRER, the duty to properly train ROHRER, the duty to properly supervise the hours of service of ROHRER, the duty to properly inspect and maintain any vehicles she might operate on its/their behalf, and otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

105.    On June 24, 2020, ROHRER operated her vehicle in an unsafe manner without due regard for the safety of other drivers due to the demands placed on her by AMAZON LOGISTICS.

106.    As a direct and proximate result of AMAZON LOGISTICS' breach of its duty to other drivers in employing unsafe business practices and policies, ROHRER collided with a motorcycle operated by Mr. WASHBURN.

107.    As a further direct and proximate result of the above negligence, Mr. WASHBURN's motorcycle was propelled into another vehicle, and Mr. WASHBURN was ejected from his motorcycle.

108.    As a further direct and proximate result of the above negligence, Mr. WASHBURN suffered blunt force trauma and subsequent death.

109.    As a further direct and proximate result of the above negligence, Mr. WASHBURN's parents and surviving family suffered a loss of society and companionship together with such other damages as allowable by law.

110.    Plaintiff, on behalf of the estate and all individuals entitled to damages under the Wrongful Death Act, being MCL 600.2921 et seq, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

    A.  Reasonable funeral, and burial expenses;

    B.  Losses suffered by the next of kin as a result of the decedent's death, including the following:

        i.  Loss of financial support;

        ii.  Loss of services;

        iii.  Loss of gifts and other valuable gratuities;

    iv.   Loss of society and companionship;

    v.   Other miscellaneous losses.


WHEREFORE Plaintiff requests that this Court enter judgment in her favor in an amount determined to be fair and just together with all costs, interest, and attorney fees allowable by law.


Respectfully submitted,

Zamler, Shiffman & Karfis, P.C.

BY: *James S Marco*
    JAMES S. MARCO (P80419)
    Zamler, Shiffman & Karfis, P.C.
    Attorney for Plaintiff
    23077 Greenfield Rd., Ste. 557
    Southfield, MI 48075
    (248) 443-6567

Petition for Admission to the US District Court, Western District of Michigan pending for:

    Gerald Bekkerman
    Taxman, Pollock, Murray & Bekkerman, LLC
    Attorney for Plaintiff
    225 West Wacker Drive, Suite 1750
    Chicago, Illinois 60606


Dated: July 30, 2020

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted,

Zamler, Shiffman & Karfis, P.C.

BY:  *James S Marco*
     JAMES S. MARCO (P80419)
     Zamler, Shiffman & Karfis, P.C.
     Attorney for Plaintiff
     23077 Greenfield Rd., Ste. 557
     Southfield, MI 48075
     (248) 443-6567

Petition for Admission to the US District Court,
Western District of Michigan pending for:

  Gerald Bekkerman
  Taxman, Pollock, Murray & Bekkerman, LLC
  Attorney for Plaintiff
  225 West Wacker Drive, Suite 1750
  Chicago, Illinois 60606

Dated: July 30, 2020